UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARTIN WOODBURY,

       Plaintiff,

           v.

DEPARTMENT OF JUSTICE,

       Defendant.

Civil Action No. 21-3384 (DLF)

# **Exhibit A**



# Fax

| | | | |
|---|---|---|---|
| TO: FBI FOIA Request | FROM: | Lance D. Quaranto | |
| FAX: 540-8684391 | PAGES: | 12 Pages Including Cover | |
| PHONE: 541-393-8485 | DATE: ~~1/1/2020~~ 10/28/20 | | |
| RE:  FOIA Request | CC: | | |

☐ Urgent     ☐ For Review     ☐ Please Comment     ☐ Please Reply     ☐ Please Recycle

Comments:  Martin Woodbury FOIA Request

NOV 0 2 2020

PO Box 5471  •  Eugene, Oregon 97405  •  (541) 393-8485  •  Lance.D.Quaranto@gmail.com

# Lance D. Quaranto, Esq.

October 28, 2020

Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

### FOIA REQUEST

**Copy Sent Via Fax to: (540) 868-4391 / 4997**

Re: FOIA Request of Martin Woodbury

Dear FBI FOIA Officers:

### I.    Request

I am writing on behalf of my client, Mr. Martin Woodbury, pursuant to the Freedom of Information Act, 5 U.S.C. 552 ("FOIA"), to hereby request copies of the following records:

All records in the possession or control of the FBI that discuss or describe the criminal investigation and / or the governmental response of law enforcement in addressing the 2015 - 2016 criminal matter occurring in East Tacoma, Washington (Pierce County), involving an individual identified as Tracy Worwood's possession of a military explosive in close proximity to a local elementary school. See attached Seattle Times and News Tribune news articles describing this incident. My client is seeking all agency responsive records for the above subject matter created or received August 1, 2015 to the date of this record request.

Our client, Mr. Woodbury, was a primary witness who assisted with notifying law enforcement regarding this incident, along with additional assisting witnesses Jessica Weber and Tristan Worwood. As his record request also includes all responsive records that involve information for this criminal investigation and enforcement action, including information discussing or describing this criminal matter involving assistance from our client Martin Woodbury, and the assistance provided by witnesses Jessica Weber and Tristan Worwood with this investigation, and the criminal conviction of Tracy Worwood associated with the above referenced incident, I have attached hereto the signed and completed DOJ Certification of Identity form from my client Mr. Woodbury, and from Jessica Weber and Tristan Worwood (see attached).[1] It is our position that a DOJ Certification of Identity authorization is not required from convicted defendant Tracy

---

[1] The attached forms for Ms. Weber and Mr. Worwood were previously utilized in Mr. Woodbury's similar FOIA request to the EOUSA (FOIA EOUSA-2020-002010) and were accepted by the EOUSA.

Worwood, as the public interest in disclosing this information clearly outweighs any minimal privacy interest of Tracy Worwood following his criminal convictions for the incident that is the subject of this FOIA request. See attached news articles.

## II.     How Responsive Records Should Be Provided

Please provide these documents in a digital format, on a CD or other storage device, or via email, to save the time and cost of making paper copies of the responsive records for this FOIA request.

Please also provide the approximate date by which you anticipate a final response for these records can be provided to this office. In addition, please also inform my office if there are any "unusual circumstances" that will cause any delay in responding to this FOIA request.

Please inform us in writing if there are any "unusual circumstances" that will cause delay in responding to this FOIA request, or providing the records which are requested, and in addition, please provide the approximate date that you anticipate a final response will be provided.

## III.     Request for Public Interest Fee Waiver

My client seeks a public interest waiver of the duplication and search fees for this FOIA Request. Mr. Woodbury seeks to use the information for the public interest purpose of seeking to better understand the response by the FBI and other law enforcement agencies to being informed of there being a dangerous explosive device in close proximity to an elementary school in a residential neighborhood, including the response time by the FBI and other federal authorities in responding to the information regarding this dangerous explosive device, and the actions initiated by the FBI to investigate and ultimately address this dangerous situation, including cooperation with any other federal, state or local law enforcement agencies.

Mr. Woodbury plans to review and synthesize all records received in order to share the information pertaining to this criminal investigation and enforcement action with elected officials and federal government supervisors, as well as with local media sources, to ensure that there are appropriate and timely response to dangerous incidents involving explosive devices, and in particular, to ensure that the public is timely and adequately protected when there are unlawful explosive devices in close proximity to public schools or residential housing areas.

Our client has no commercial or other non-public interests in the records requested from the FBI by the above referenced FOIA request.

## IV.     Policy and Legal Direction for Open Government

FOIA was designed to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny," see, e.g., Dept. of the Air Force v. Rose, 425 U.S. 352, 361 (1976), and in order "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." NLRB v. Robbins Rubber Co., 437 U.S. 214, 242 (1978); see also Judicial Watch, Inc. v. Rossotti, 326

F.3d 1309, 1310 (D.C. Cir. 2003); United States Dept. of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773 (1989).

The above described agency records are subject to disclosure under FOIA, and are not otherwise exempt from disclosure pursuant to FOIA's nine statutory exemptions. See 5 U.S.C. § 552(b)(1 )-(9). To the extent that a determination is made by your FOIA office staff that any limited portions of the records listed above will be withheld from disclosure for this request, FOIA expressly requires all agencies to disclose "[a]ny reasonably segregable portion of a record .. . after deletion of the portions of the record which are exempt." 5 U.S.C. § 552(b). See, e.g., Oglesby v. U.S. Dept. of Army, 79 F.3d 1172, 1178 (D.C. Cir. 1996); see also Abdelfattah v. U.S. Dept. Of Homeland Security, 488 F.3d 178, 186-187 (3rd Cir). The 2007 Openness Promotes Effectiveness in the National Government Act amendments to FOIA (the "OPEN Government Act") requires identification of the amount of any material withheld, the location of any withholdings, a direct reference to the specific statutory exemption supporting each withholding asserted, and if technically possible, also require that this information shall "be indicated at the place in the record where such deletion is made." See 5 U.S.C. § 552(b). Therefore, I would appreciate your assistance in expressly identifying any exempt responsive records (or portions thereof) and the applicable FOIA exemptions for any responsive materials that may withheld for this FOIA request.

## V. Contact

If you have any questions regarding this FOIA request, or if I can be of any other assistance in this matter, please contact my office at (541) 393-8485, or via email at lance.d.quaranto@gmail.com.

Thank you in advance for your assistance in this matter,

    Sincerely,

              s/: Lance D. Quaranto
              Lance D. Quaranto, OR0016
              PO Box 5471
              Eugene, OR 97405
              (T): 541-393-8485
              lance.d.quaranto@gmail.com

Encl.

cc: Client

**U.S Department of Justice**                    **Certification of Identity**                    

FORM APPROVED OMB NO.
1103-0016 EXPIRES 03/31/2020

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]    **Martin Woodbury**

Citizenship Status [2]    **USA**                    Social Security Number [3]    FRCP 5.2

Current Address    **2622 McNeil St. DuPont, WA 98327**

Date of Birth    FRCP 5.2                    Place of Birth    **San Benito, Texas**

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

I authorize you to release all records and to communicate with my lawyer Lance Quaranto for the attached FOIA Request

**Print or Type Name**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]    _[signature]_                    Date    **26 OCT 2020**

---

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

U.S. Department of Justice

**Certification of Identity**



**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]    Jessica Dawn Weber

Citizenship Status [2]   United States    Social Security Number [3]   <span style="background:red">FRCP 5.2</span>

Current Address   2124 Glenview Dr Nampa Idaho 83686

Date of Birth   <span style="background:red">FRCP 5.2</span>    Place of Birth   Caldwell Idaho

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]   Jessica Weber     Date   9-16-2019

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

Jessica Weber
_____
**Print or Type Name**

[1] Name of individual who is the subject of the record sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

# Ex-soldier charged with storing explosive on his Tacoma roof

Originally published December 10, 2015 at 3:29 pm | *Updated December 10, 2015 at 3:47 pm*

**The man pleaded not guilty to unlawful possession of an explosive device and reckless endangerment.**

By Stacia Glenn

*The (Tacoma) News Tribune*

**Share story**

f    *Share*

✉    *Email*

🐦    *Tweet*

A former soldier suspected of storing a tank-piercing rocket on the roof of his East Tacoma house was criminally charged Thursday, a day after discovery of the explosive prompted a partial evacuation of the neighborhood, including an elementary school.

Tracy Worwood, 44, pleaded not guilty to unlawful possession of an explosive device without a license and reckless endangerment. He was released on his own recognizance.

Worwood's underage son visited him in late November, found the Anti-tank projectile 4 and took a picture of it, according to charging papers. When the boy's mom saw the picture, she reported the explosive to the FBI.

Tacoma police responded to the man's home in the 5000 block of McKinley Avenue about noon Wednesday and found the explosive.

Officers closed McKinley Avenue from 46th to 56th streets and residents were asked to stay inside their homes.

Sheridan Elementary School, which is nearby, continued with classes but teachers locked the exterior doors. The students were then bused to Boze Elementary School for parents and guardians to pick them up.

Other schools, including Blix, First Creek, Lister, Lyon, Lincoln and Stewart were placed on modified lockdown and parents who lived nearby were asked to pick up their children.

Worwood, who received an "other than honorable" discharge from the U.S. Army, told investigators he thought it was a training round.

"The defendant claimed he received the explosive device from someone as a going-away present," records show.

He allegedly moved it to the roof after finding out his son knew it was in the house.

Army officials were brought out to X-ray the explosive, which had all its working components. It had been fired but never exploded, officials said.

*Stacia Glenn*

The Seattle Times occasionally closes comments on particularly sensitive stories. If you would like to share your thoughts or experiences in relation to this story, please email the reporter or submit a letter to be considered for publication in our Opinion section. You can read more about our community policies here.

☰                **THE NEWS TRIBUNE**                                  👤▾



CRIME

# Man who had rocket atop East Tacoma house ordered to pay city $18,000

By Alexis Krell

akrell@thenewstribune.com

MAY 27, 2016 06:06 PM, UPDATED MAY 28, 2016 07:23 PM

🐦  f  ✉  ↱



▶ Listen to this article now
01:14   Powered by Trinity Au

ORDER REPRINT →

A former soldier who had a tank-piercing rocket on top of his East Tacoma house will have to pay $18,000 to help cover the cost of the police response to remove the explosive late last year.

Tracy Worwood, 45, pleaded guilty Friday in Pierce County Superior Court to charges of reckless endangerment and attempting to unlawfully manufacture, sell, or offer to sell explosives.

He was given a year behind bars, which was suspended. If he follows the law and other conditions of his sentence, he won't have to serve the time.

**TOP ARTICLES**

Immigrant workers affected by COVID-19 now can apply to the state for relief money

Deputy Prosecutor Kawyne Lund said the $18,000 doesn't come close to covering the cost of the police response, but it's what the state thought it could recover from Worwood.

When officers found the explosive Dec. 9, they closed McKinley Avenue from 46th to 56th streets, asked residents to stay inside their homes and evacuated a nearby elementary school.

## News alerts in your inbox

Sign up for email alerts and be the first to know when news breaks.

Enter Email Address

SIGN UP

This site is protected by reCAPTCHA and the Google Privacy Policy and Terms of Service apply.

Worwood's son first found the rocket, and it was reported to police when the boy's mother saw a photo of it. Local and federal authorities responded and safely disposed of the rocket at the Tacoma landfill.

Worwood told investigators he thought the rocket was a training round, and said

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARTIN WOODBURY,

     Plaintiff,

          v.

DEPARTMENT OF JUSTICE,

     Defendant.

Civil Action No. 21-3384 (DLF)

# **<u>Exhibit B</u>**

**U.S. Department of Justice**



<u>**Federal Bureau of Investigation**</u>

*Washington, D.C. 20535*

November 24, 2020

MR. LANCE D QUARANTO ESQUIRE
POST OFFICE BOX 5471
EUGENE, OR 97405

Request No.: 1481654-000
Subject: WORWOOD, TRACY
(2015/2016 EAST TACOMA CRIME)

Dear Mr. Quaranto:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI.   The FOIPA Request Number listed above has been assigned to your request.   Below you will find information relevant to your request.   Please read each paragraph carefully.

You have requested records on one or more third party individuals.   Please be advised the FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).   The mere acknowledgement of the existence of FBI records on third party individuals could reasonably be expected to constitute an unwarranted invasion of personal privacy.   This is our standard response to such requests and should not be taken to mean that records do, or do not, exist.   As a result, your request has been closed.   Please visit www.fbi.gov, select "Services," "Information Management," and "Freedom of Information/Privacy Act" for more information about making requests for records on third party individuals (living or deceased).

If you submitted your request through the FBI's eFOIPA portal and you are receiving correspondence through standard mail, it was determined your request did not meet the eFOIPA terms of service.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Enclosed for your information is a copy of the Explanation of Exemptions.

Sincerely,

Michael G. Seidel
Section Chief,
Record/Information
  Dissemination Section
Information Management Division

Enclosure

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARTIN WOODBURY,

      Plaintiff,

          v.

DEPARTMENT OF JUSTICE,

      Defendant.

Civil Action No. 21-3384 (DLF)

# **<u>Exhibit C</u>**



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

November 5, 2020

MR. LANCE D QUARANTO ESQUIRE
POST OFFICE BOX 5471
EUGENE, OR 97405

FOIPA Request No.: 1480174-000
Subject: WOODBURY, MARTIN

Dear Mr. Quaranto:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI. Below you will find check boxes and informational paragraphs about your request, as well as specific determinations required by these statutes. Please read each one carefully.

☑ Your request has been received at FBI Headquarters for processing.

☐ You submitted your request via the FBI's eFOIPA system.

    ☐ We have reviewed your request and determined it is consistent with the FBI eFOIPA terms of service. Future correspondence about your FOIPA request will be provided in an email link unless the record's file type is not supported by the eFOIPA system.

    ☐ We have reviewed your request and determined it is not consistent with the FBI eFOIPA terms of service. Future correspondence about your FOIPA request will be sent through standard mail.

☐ The subject of your request is currently being processed and documents will be released to you upon completion.

☐ Release of responsive records will be posted to the FBI's electronic FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☑ Your request for a public interest fee waiver is under consideration and you will be advised of the decision if fees are applicable. If your fee waiver is not granted, you will be responsible for applicable fees per your designated requester fee category below.

☑ For the purpose of assessing any fees, we have determined:

    ☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

    ☐ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

    ☑ As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
   Dissemination Section
Information Management Division

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARTIN WOODBURY,

      Plaintiff,

           v.

DEPARTMENT OF JUSTICE,

      Defendant.

Civil Action No. 21-3384 (DLF)

# **<u>Exhibit D</u>**



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

May 12, 2021

MR. LANCE D QUARANTO ESQUIRE
POST OFFICE BOX 5471
EUGENE, OR 97405

FOIPA Request No.: 1480174-000
Subject: WOODBURY, MARTIN

Dear Mr. Quaranto:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a.   Below you will find check boxes under the appropriate statute headings which indicate the types of exemptions asserted to protect information which is exempt from disclosure.   The appropriate exemptions are noted on the enclosed pages next to redacted information.   In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely and identify which exemptions were applied.   The checked exemption boxes used to withhold information are further explained in the enclosed Explanation of Exemptions.

| Section 552 | Section 552a | |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☑ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| 50 U.S.C. § 3024 (i)(1) | ☐ (b)(7)(D) | ☐ (k)(2) |
| | ☑ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

8 pages were reviewed and 4 pages are being released.

Please see the paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency [OGA].

☐ This information has been referred to the OGA(s) for review and direct response to you.
☐ We are consulting with another agency.   The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.   **"Part 1"** of the Addendum includes standard responses that apply to all requests.   **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.    Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

☑ See additional information which follows.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
     Dissemination Section
Information Management Division

Enclosure(s)

The enclosed documents represent the final release of information responsive to your Freedom of Information/Privacy Acts (FOIPA) request.

This material is being provided to you at no charge.

The enclosed documents responsive to your request are exempt from disclosure in their entirety pursuant to the Privacy Act, Title 5, United States Code, Section 552(a), subsection (j)(2). However, these records have been processed pursuant to the Freedom of Information Act, Title 5, United States Code, Section 552, thereby affording you the greatest degree of access authorized by both laws.

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.  Part 1 of the Addendum includes standard responses that apply to all requests.  Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.  Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.  Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records**.   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems or locations where responsive records would reasonably be found.   A standard search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS.   Unless specifically requested, a standard search does not include references, administrative records of previous FOIPA requests, or civil litigation files.   For additional information about our record searches, visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

(iv)    **National Name Check Program (NNCP).**   The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.   Please be advised that this is a service provided to other federal agencies.   Private Citizens cannot request a name check.

## EXPLANATION OF EXEMPTIONS

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal   privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARTIN WOODBURY,

      Plaintiff,

          v.

DEPARTMENT OF JUSTICE,

      Defendant.

Civil Action No. 21-3384 (DLF)

# **<u>Exhibit E</u>**



# Lance D. Quaranto, Esq.

P.O. Box 5471
Eugene, Oregon 97405

August 9, 2021

### Freedom of Information Act Appeal

RECEIVED

Director Office of Information Policy
U.S. Department of Justice
441 G Street NW, 6th Floor
Washington, D.C. 20530

AUG 2 0 2021

Office of Information Policy

**Copy Sent Via Certified mail**

Re: FOIA Appeal (FBI FOIPA Request 1480174-000)

Dear Appeals Officer:

I am writing on behalf of our client, Martin Woodbury, to hereby appeal and request reconsideration of the May 12, 2021, response to our client's October 28, 2020, FOIA request (otherwise identified as 1480174-000), an agency decision made by Michael G Seidel Section Chief Record/Information Dessemination Section Information Management Division. A copy of the challenged FBI FOIA decision as well as the request itself is attached for your reference.

The basis of this appeal is that the agency decision-maker misapplied FOIA exemption (b)(3), (b)(6), (b)(7)(C) and (b)(7)(E), and applied that exemption in an overly broad manner, by failing to provide all non-exempt segregable portions of the records requested. In addition, it is Mr. Woodbury position that the agency has failed to date to undertake an adequate search for responsive records in a manner reasonably calculated to locate all responsive records

Please inform our office if there are any "unusual circumstances" or any "extraordinary circumstances" that will cause any delay in your responding to this FOIA appeal within the 20 working days required by FOIA, and please also provide our office with information as to the approximate date by which we can anticipate a final response to this FOIA appeal will be issued. If you have any questions regarding this FOIA appeal, or if I can be of any other assistance in this matter, please feel free to contact my office at (541) 393-8485, or at
lance.d.quaranto@gmail.com

Thank you in advance for your assistance in this matter,

Sincerely,

> s/: Lance D. Quaranto
> Lance D. Quaranto, OR0016
> P.O. Box 5471
> Eugene, OR 97405
> (T): 541-393-8485
> lance.d.quaranto@gmail.com

Encl.

cc: Client

**U.S. Department of Justice**



**Federal Bureau of Investigation**

*Washington, D.C. 20535*

May 12, 2021

MR. LANCE D QUARANTO ESQUIRE
POST OFFICE BOX 5471
EUGENE, OR 97405

FOIPA Request No.: 1480174-000
Subject: WOODBURY, MARTIN

Dear Mr. Quaranto:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Below you will find check boxes under the appropriate statute headings which indicate the types of exemptions asserted to protect information which is exempt from disclosure. The appropriate exemptions are noted on the enclosed pages next to redacted information. In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely and identify which exemptions were applied. The checked exemption boxes used to withhold information are further explained in the enclosed Explanation of Exemptions.

| Section 552 | | Section 552a |
|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☑ (j)(2) |
| ☑ (b)(3) | ☑ (b)(7)(C) | ☐ (k)(1) |
| 50 U.S.C., § 3024 (i)(1) | ☐ (b)(7)(D) | ☐ (k)(2) |
| | ☑ (b)(7)(E) | ☐ (k)(3) |
| | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☑ (b)(6) | | ☐ (k)(7) |

8 pages were reviewed and 4 pages are being released.

Please see the paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐ Document(s) were located which originated with, or contained information concerning, other Government Agency [OGA].

☐ This information has been referred to the OGA(s) for review and direct response to you.
☐ We are consulting with another agency. The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

☑ See additional information which follows.

Sincerely,

*M - A. A. L. O*

Michael G. Seidel
Section Chief
Record/Information
   Dissemination Section
Information Management Division

Enclosure(s)

The enclosed documents represent the final release of information responsive to your Freedom of Information/Privacy Acts (FOIPA) request.

This material is being provided to you at no charge.

The enclosed documents responsive to your request are exempt from disclosure in their entirety pursuant to the Privacy Act, Title 5, United States Code, Section 552(a), subsection (j)(2). However, these records have been processed pursuant to the Freedom of Information Act, Title 5, United States Code, Section 552, thereby affording you the greatest degree of access authorized by both laws.

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

   (i)      **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

   (ii)     **Intelligence Records.**   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

   (i)      **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

   (ii)     **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

   (iii)    **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

   (i)      **Record Searches.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems or locations where responsive records would reasonably be found.   A standard search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS.   Unless specifically requested, a standard search does not include references, administrative records of previous FOIPA requests, or civil litigation files.   For additional information about our record searches, visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

   (ii)     **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

   (iii)    **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

   (iv)     **National Name Check Program (NNCP).**   The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.   Please be advised that this is a service provided to other federal agencies.   Private Citizens cannot request a name check.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

# Lance D. Quaranto, Esq.

October 28, 2020

Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

## FOIA REQUEST

**Copy Sent Via Fax to: (540) 868-4391 / 4997**

Re: FOIA Request of Martin Woodbury

Dear FBI FOIA Officers:

## I.    Request

I am writing on behalf of my client, Mr. Martin Woodbury, pursuant to the Freedom of Information Act, 5 U.S.C. 552 ("FOIA"), to hereby request copies of the following records:

All records in the possession or control of the FBI that discuss or describe the criminal investigation and / or the governmental response of law enforcement in addressing the 2015 - 2016 criminal matter occurring in East Tacoma, Washington (Pierce County), involving an individual identified as Tracy Worwood's possession of a military explosive in close proximity to a local elementary school. See attached Seattle Times and News Tribune news articles describing this incident. My client is seeking all agency responsive records for the above subject matter created or received August 1, 2015 to the date of this record request.

Our client, Mr. Woodbury, was a primary witness who assisted with notifying law enforcement regarding this incident, along with additional assisting witnesses Jessica Weber and Tristan Worwood. As his record request also includes all responsive records that involve information for this criminal investigation and enforcement action, including information discussing or describing this criminal matter involving assistance from our client Martin Woodbury, and the assistance provided by witnesses Jessica Weber and Tristan Worwood with this investigation, and the criminal conviction of Tracy Worwood associated with the above referenced incident, I have attached hereto the signed and completed DOJ Certification of Identity form from my client Mr. Woodbury, and from Jessica Weber and Tristan Worwood (see attached).[1] It is our position that a DOJ Certification of Identity authorization is not required from convicted defendant Tracy

---

[1]The attached forms for Ms. Weber and Mr. Worwood were previously utilized in Mr. Woodbury's similar FOIA request to the EOUSA (FOIA EOUSA-2020-002010) and were accepted by the EOUSA.

Worwood, as the public interest in disclosing this information clearly outweighs any minimal privacy interest of Tracy Worwood following his criminal convictions for the incident that is the subject of this FOIA request. See attached news articles.

## II.    How Responsive Records Should Be Provided

Please provide these documents in a digital format, on a CD or other storage device, or via email, to save the time and cost of making paper copies of the responsive records for this FOIA request.

Please also provide the approximate date by which you anticipate a final response for these records can be provided to this office. In addition, please also inform my office if there are any "unusual circumstances" that will cause any delay in responding to this FOIA request.

Please inform us in writing if there are any "unusual circumstances" that will cause delay in responding to this FOIA request, or providing the records which are requested, and in addition, please provide the approximate date that you anticipate a final response will be provided.

## III.    Request for Public Interest Fee Waiver

My client seeks a public interest waiver of the duplication and search fees for this FOIA Request.
Mr. Woodbury seeks to use the information for the public interest purpose of seeking to better understand the response by the FBI and other law enforcement agencies to being informed of there being a dangerous explosive device in close proximity to an elementary school in a residential neighborhood, including the response time by the FBI and other federal authorities in responding to the information regarding this dangerous explosive device, and the actions initiated by the FBI to investigate and ultimately address this dangerous situation, including cooperation with any other federal, state or local law enforcement agencies.

Mr. Woodbury plans to review and synthesize all records received in order to share the information pertaining to this criminal investigation and enforcement action with elected officials and federal government supervisors, as well as with local media sources, to ensure that there are appropriate and timely response to dangerous incidents involving explosive devices, and in particular, to ensure that the public is timely and adequately protected when there are unlawful explosive devices in close proximity to public schools or residential housing areas.

Our client has no commercial or other non-public interests in the records requested from the FBI by the above referenced FOIA request.

## IV.    Policy and Legal Direction for Open Government

FOIA was designed to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny," see, e.g., Dept. of the Air Force v. Rose, 425 U.S. 352, 361 (1976), and in order "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." NLRB v. Robbins Rubber Co., 437 U.S. 214, 242 (1978); see also Judicial Watch, Inc. v. Rossotti, 326

F.3d 1309, 1310 (D.C. Cir. 2003); United States Dept. of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773 (1989).

The above described agency records are subject to disclosure under FOIA, and are not otherwise exempt from disclosure pursuant to FOIA's nine statutory exemptions. See 5 U.S.C. § 552(b)(1 )-(9). To the extent that a determination is made by your FOIA office staff that any limited portions of the records listed above will be withheld from disclosure for this request, FOIA expressly requires all agencies to disclose "[a]ny reasonably segregable portion of a record .. . after deletion of the portions of the record which are exempt." 5 U.S.C. § 552(b). See, e.g., Oglesby v. U.S. Dept. of Army, 79 F.3d 1172, 1178 (D.C. Cir. 1996); see also Abdelfattah v. U.S. Dept. Of Homeland Security, 488 F.3d 178, 186-187 (3rd Cir). The 2007 Openness Promotes Effectiveness in the National Government Act amendments to FOIA (the "OPEN Government Act") requires identification of the amount of any material withheld, the location of any withholdings, a direct reference to the specific statutory exemption supporting each withholding asserted, and if technically possible, also require that this information shall "be indicated at the place in the record where such deletion is made." See 5 U.S.C. § 552(b). Therefore, I would appreciate your assistance in expressly identifying any exempt responsive records (or portions thereof) and the applicable FOIA exemptions for any responsive materials that may withheld for this FOIA request.

## V. Contact

If you have any questions regarding this FOIA request, or if I can be of any other assistance in this matter, please contact my office at (541) 393-8485, or via email at lance.d.quaranto@gmail.com.

Thank you in advance for your assistance in this matter,

    Sincerely,

        s/: Lance D. Quaranto
        Lance D. Quaranto, OR0016
        PO Box 5471
        Eugene, OR 97405
        (T): 541-393-8485
        lance.d.quaranto@gmail.com

Encl.

cc: Client

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARTIN WOODBURY,

  Plaintiff,

    v.        Civil Action No. 21-3384 (DLF)

DEPARTMENT OF JUSTICE,

  Defendant.

# **<u>Exhibit F</u>**



**U.S. Department of Justice**

Office of Information Policy

*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

August 25, 2021

lance.d.quaranto@gmail.com

Dear Lance Quaranto, Esq:

This is to advise you that the Office of Information Policy (OIP) of the U.S. Department of Justice received your administrative appeal from the action of the FBI regarding Request No. 1480174 on 08/20/2021.

In an attempt to afford each appellant equal and impartial treatment, OIP has adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number A-2021-02612 . Please refer to this number in any future communication with OIP regarding this matter. Please note that if you provided an email address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (202) 514-3642. If you have submitted your appeal through FOIA STAR, you may also check the status of your appeal by logging into your account.

Sincerely,

*Priscilla Jones*

Priscilla Jones
Supervisory Administrative Specialist

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARTIN WOODBURY,

  Plaintiff,

    v.        Civil Action No. 21-3384 (DLF)

DEPARTMENT OF JUSTICE,

  Defendant.

# **<u>Exhibit G</u>**



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

Lance Quaranto, Esq

Re:   Appeal No. A-2021-02612
Request No. 1480174

lance.d.quaranto@gmail.com                   CDT:KHK

**VIA: Email - 3/4/2022**

Dear Lance Quaranto:

You appealed on behalf of your client, Martin Woodbury, from the action of the Federal Bureau of Investigation on your client's Freedom of Information Act request for access to records concerning the 2015-2016 investigation into Tracy Worwood.

I have been informed that you filed a lawsuit concerning the FBI's action in the United States District Court for the District of Columbia. As indicated in the Department of Justice's regulations located at 28 C.F.R. § 16.8(b)(2) (2021), an appeal ordinarily will not be acted upon by this Office if the FOIA request becomes the subject of litigation. For this reason, I am closing your appeal file in this Office.

If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

*[signature]*

X_____

Christina D. Troiani,
Associate Chief, for Matthew Hurd, Chief,
Administrative Appeals Staff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARTIN WOODBURY,

      Plaintiff,

           v.

DEPARTMENT OF JUSTICE,

      Defendant.

Civil Action No. 21-3384 (DLF)

# __Exhibit H__

**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

March 17, 2022

Mr. Lance D. Quaranto, Esquire
Post Office Box 5471
Eugene, OR   97405

FOIPA Request No.: 1480174, 1481654
Civil Litigation No.: 21-cv-3384
Subject: Martin Woodbury and Tracy Worwood

**Revised letter to correct error in prior letter dated March 15, 2022**

Dear Mr. Quaranto:

Pursuant to your client's FOIPA request, the FBI assigned FOIPA number 1480174 for records regarding himself, Martin Woodbury, and FOIPA number 1481654 for records regarding Tracy Worwood.  The FBI located and previously released 8 pages of records responsive to FOIPA 1480174.  The FBI has reviewed these pages and determined that additional information can be released.   The revised pages are included with this letter.   With regard to FOIPA 1481654, the FBI previously issued a "Glomar" response.   The FBI has reviewed that response and has subsequently conducted a search for records responsive to your client's request.   Through this search, the FBI located the same 8 pages that were located in response to FOIPA 1480174.   Thus, this release letter is responsive to both FOIPA 1480174 and 1481654.

The FBI reviewed the enclosed documents under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a.   Below you will find checked boxes under applicable statutes for the exemptions asserted to protect information exempt from disclosure.   The appropriate exemptions are noted on the processed pages next to redacted information.   In addition, a deleted page information sheet was inserted to indicate where pages were withheld entirely pursuant to applicable exemptions.   An Explanation of Exemptions is enclosed to further explain justification for withheld information.

|  | **Section 552** |  | **Section 552a** |
|---|---|---|---|
| ☐ (b)(1) | ☐ (b)(7)(A) | ☐ (d)(5) |
| ☐ (b)(2) | ☐ (b)(7)(B) | ☐ (j)(2) |
| ☒ (b)(3) | ☒ (b)(7)(C) | ☐ (k)(1) |
| NSA of 1947 [50 USC §3024(i)(1)] | ☐ (b)(7)(D) | ☐ (k)(2) |
| _____ | ☒ (b)(7)(E) | ☐ (k)(3) |
| _____ | ☐ (b)(7)(F) | ☐ (k)(4) |
| ☐ (b)(4) | ☐ (b)(8) | ☐ (k)(5) |
| ☐ (b)(5) | ☐ (b)(9) | ☐ (k)(6) |
| ☒ (b)(6) |  | ☐ (k)(7) |

8 page(s) were reviewed and 5 page(s) are being released.

Please see the paragraphs below for relevant information specific to your request and the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

☐  Document(s) were located which originated with, or contained information concerning, other
Government Agency (ies) [OGA].

☐  This information has been referred to the OGA(s) for review and direct response to you.

☐  We are consulting with another agency.   The FBI will correspond with you regarding this information when the consultation is completed.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.   **"Part 1"** of the Addendum includes standard responses that apply to all requests.   **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter.   Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

☑  See additional information which follows.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
   Dissemination Section
Information Management Division

Enclosure(s)

The processed pages represent the Final interim release to your Freedom of Information/Privacy Acts (FOIPA) request. The pages have been Bates stamped (FBI) – 1 through (FBI) – 8.

Pursuant to new Freedom of Information Act (FOIA) regulations effective on May 4, 2015, the duplication cost for paper releases was reduced from $0.10 to $0.05 per page. No fees are assessed for the first 100 pages and this material is being provided to you at no charge.

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)     **Intelligence Records**.   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)     **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)     **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems or locations where responsive records would reasonably be found.   A standard search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS.   Unless specifically requested, a standard search does not include references, administrative records of previous FOIPA requests, or civil litigation files.   For additional information about our record searches, visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)     **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)     **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

(iv)     **National Name Check Program (NNCP).**   The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.   Please be advised that this is a service provided to other federal agencies.   Private Citizens cannot request a name check.

## EXPLANATION OF EXEMPTIONS

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal   privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,   or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARTIN WOODBURY,

      Plaintiff,

           v.

DEPARTMENT OF JUSTICE,

      Defendant.

Civil Action No. 21-3384 (DLF)

# Exhibit I



U.S. Department of Justice

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

December 6, 2022

Mr. Lance D. Quaranto, Esquire
Post Office Box 5471
Eugene, OR   97405

Civil Litigation No.: 21-cv-3384
FOIPA Request No.: 1480174, 1481654
Subject: Martin Woodbury and Tracy Worwood

Dear Mr. Quaranto:

While processing your Freedom of Information/Privacy Acts (FOIPA) request, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATFE) located an FBI document in their records.   The ATFE referred the document to the FBI for direct response to you.

The FBI reviewed the referred document under the FOIPA, Title 5, United States Code, Section(s) 552/552a as noted below and the FBI determined that the referred document was not responsive to your request. Therefore, the FBI did not process the material for release and advised ATFE of its determination.

Although your request is in litigation, we are required by law to provide you the following information:

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov.   The subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.   You may also contact the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Please direct any further inquiries about this case to the Attorney representing the Government in this matter.   Please use the FOIPA Request Number and/or Civil Action Number in all correspondence or inquiries concerning your request.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
    Dissemination Section
Information Management Division

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARTIN WOODBURY,

      Plaintiff,

          v.

DEPARTMENT OF JUSTICE,

      Defendant.

Civil Action No. 21-3384 (DLF)

# **Exhibit J**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
*MARTIN WOODBURY v. DOJ*
**21-cv-3384**

| Page Disposition Totals |
|---|
| **Total: 8** |
| RIF: 1 |
| RIP: 4 |
| WIF: 3 |
| • FOIA Exemption(s):                3 |

## Exemption Application Index

| SUMMARY OF FOIA EXEMPTION JUSTIFICATION CATEGORIES | |
|---|---|
| **CODED CATEGORIES** | **INFORMATION WITHHELD** |
| **EXEMPTION (b)(3)** | **INFORMATION PROTECTED BY STATUTE** |
| (b)(3)-1 | National Security Act of 1947, 50 U.S.C. § 3024(i)(1) |
| **EXEMPTION (b)(6) and EXEMPTION (b)(7)(C)** | **CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY AND UNWARRANTED INVASION OF PERSONAL PRIVACY** |
| (b)(6)-1 and (b)(7)(C)-1 | Names of an FBI Special Agent and Professional Staff |
| (b)(6)-2 and (b)(7)(C)-2 | Name and Identifying Information of a Third Party of Investigative Interest |
| (b)(6)-3 and (b)(7)(C)-3 | Names and Identifying Information of Third Parties Merely Mentioned |
| (b)(6)-4 and (b)(7)(C)-4 | Name of a Non-FBI Federal Government Employee |
| **EXEMPTION (b)(7)(E)** | **INVESTIGATIVE TECHNIQUES AND PROCEDURES** |
| (b)(7)(E)-1 | Sensitive Investigative File Numbers |

| INDEX KEY | |
|---|---|
| RIF: | Released in Full |
| RIP: | Released in Part |
| FOIA WIF: | Withheld in full pursuant to FOIA Exemptions |
| Per Army: | Information was withheld by United States Department of Army |

| FBI DOCUMENT TYPES |
|---|
| •FD-71: This form is used to submit complainant information collected during a phone call after normal business hours during evening and overnight shifts. |
| • Other Government Agency Information: These are documents provided to the FBI by other federal government agencies. This information can be incorporated in FBI documents which disseminate intelligence/investigative information, and can be utilized to set leads in furtherance of the FBI's investigative efforts. |
| • Photographs: This category consists of photographs taken and or collected in the course of the FBI investigations. |

| Document Description | Bates | b3 1 | 6/7C 1 | 6/7C 2 | 6/7C 3 | 6/7C 4 | 7E 1 | Per ARMY | RIF | RIP | FOIA WIF |
|---|---|---|---|---|---|---|---|---|---|---|---|
| FD-71 dated 12/16/2015 | 1 | x | x | x | x | | x | | | x | |
| regarding report taken in | 2 | x | x | x | x | | x | | | x | |
| response to phone-in | 3 | x | x | x | x | x | x | | | x | |
| complaint on public access line | 4 | x | | | x | | x | | | x | |
| Photograph | 5 | | | | | | | | x | | |
| Records received from | 6 | | | x | | | | b6 | | | x |
| United States Army on third | 7 | | | x | | | | b6 | | | x |
| party due to investigative inquiries | 8 | | | x | | | | b6 | | | x |